UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**DUANE MORRIS LLP**
BY: Robert A. Prentice, Esquire
Attorney I.D. No. 25621
One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7396
(215) 979-1130
(215) 979-1020 (fax)
raprentice@duanemorris.com

**Attorneys for Plaintiff,**
Seasons-4, Inc.

---

**SEASONS-4, INC.,**
    4500 Industrial Access Road
    Douglasville, GA  30314,

        Plaintiff,

v.

**THE PEROTTI GROUP, INC.,**
    2605 Durham Road
    Bristol, PA  19007-0702,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**CIVIL ACTION NO.**

## COMPLAINT

Plaintiff, Seasons-4, Inc., by and through its undersigned counsel, Duane Morris LLP, hereby brings this action against Defendant, The Perotti Group, Inc., and in support thereof avers as follows:

**PARTIES**

1.    Seasons-4, Inc. ("Seasons-4") is a Georgia Corporation with its principal place of business at 4500 Industrial Access Road, Douglasville, Georgia 30134.  Seasons-4 designs and manufactures heating, ventilating, and air conditioning ("HVAC") equipment.

2.    The Perotti Group, Inc. ("Perotti") is a Pennsylvania corporation with its principal place of business at 2605 Durham Road, Bristol, Pennsylvania 19007-0702.  Perotti is a mechanical contractor that installs HVAC equipment.

**JURISDICTION AND VENUE**

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because there is more than $75,000 in controversy and there is complete diversity.

4.    This District is the proper venue for this action pursuant to 28 U.S.C. §1391, because Perotti resides in this District and a substantial part of the events or omissions giving rise to Seasons-4's claim occurred in this District.

**FACTUAL ALLEGATIONS**

5.    Perotti was a mechanical subcontractor on a project to build a new Giant Food Store in the Forks Township Shopping Center in Easton, Pennsylvania (the "Project").  As part of the Project, Perotti was responsible for ordering and installing two HVAC units for the new Giant Food Store.

6.    On or about December 4, 2001, Perotti ordered these two HVAC units for the Project from Seasons-4 for the agreed-upon price of Seventy-Six Thousand, Eight Hundred and Eighteen Dollars ($76,818.00).  The purchase order and accompanying specifications for the two HVAC units are attached hereto as Exhibit "A"

7. Seasons-4 accepted Perotti's order and agreed to manufacture the units and deliver them to Perotti at the Project site.

8. Seasons-4 manufactured the two HVAC units Perotti requested and shipped them to Perotti on March 19, 2002. The bills of lading evidencing shipment to Perotti are attached hereto as Exhibit "B."

9. As Perotti requested, the HVAC units were delivered to the Project site on March 21, 2002.

10. Perotti installed the two HVAC units requested for the Project and has not complained of any defects in the units.

11. On March 19, 2002, Seasons-4 sent Perotti an invoice for Seventy-Six Thousand, Eight Hundred and Eighteen Dollars ($76,818.00), the agreed-upon amount for the HVAC units. According to the terms of the invoice, Perotti was required to pay the full amount of the invoice within thirty (30) days, plus a reasonable interest rate charge on any amount overdue. A copy of the invoice is attached hereto as Exhibit "C."

12. In addition to the terms of the invoice, in the Credit Application Perotti signed in favor of Seasons-4, Perotti agreed to the addition of finance charges to any amounts not paid within thirty (30) days. Perotti further agreed to be responsible for reasonable attorneys' fees and collections costs incurred in securing payment. A copy of Perotti's Credit Application is attached hereto as Exhibit "D."

13. Perotti has wrongfully failed and refused, and continues to refuse, to pay the amount due for the HVAC units despite due demand for payment by Seasons-4.

14. On June 18, 2002, Seasons-4 sent Perotti a letter informing Perotti that Seasons-4 was suspending all warranties relating to the two HVAC units, because Perotti had not paid for the units and payment was now 60 days overdue. Seasons-4 further informed Perotti that the full warranties would only be reinstated upon full payment. A copy of the letter is attached hereto as Exhibit "E."

15. As of this date, Perotti has not paid Seasons-4 for the HVAC units Perotti ordered and installed as part of the Project.

16. Seasons-4 has complied with all conditions precedent to bringing this action.

17. As a result of Perotti's wrongful failure and refusal to pay for the HVAC units, Seasons-4 has suffered damages and incurred costs and expenses in excess of Seventy-Six Thousand, Eight Hundred and Eighteen Dollars ($76,818.00).

**COUNT I**
**BREACH OF CONTRACT**

18. Seasons-4 hereby incorporates by reference paragraphs 1 through 17, as if set forth at length herein.

19. Seasons-4 and Perotti entered into a contract, pursuant to which Seasons-4 was to manufacture and deliver two HVAC units to Perotti in exchange for Perotti's payment of Seventy-Six Thousand, Eight Hundred and Eighteen Dollars ($76,818.00) to Seasons-4.

20. Seasons-4 manufactured and delivered the HVAC units to Perotti.

21. Perotti accepted the HVAC units and installed them in the new Giant Food Store as part of the Project.

22.     Perotti breached its contract with Seasons-4 by wrongfully failing and refusing to pay for the HVAC units, despite Seasons-4's demand that it do so.

23.     As a direct and proximate result of Perotti's breach, Seasons-4 has sustained damages and incurred costs and expenses in excess of Seventy-Six Thousand, Eight Hundred and Eighteen Dollars $76,818.

WHEREFORE, Plaintiff, Seasons-4, Inc., demands judgment be entered in its favor against Defendant, The Perotti Group, Inc., in an amount in excess of Seventy-Six Thousand, Eight Hundred and Eighteen Dollars ($76,818.00), together with interest charges, finance charges, and reasonable attorneys' as provided for in the contract between the parties, as well as such other relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

24.     Plaintiff Seasons-4, incorporates by reference paragraphs 1 through 23, as if set forth fully herein.

25.     As set forth above, Perotti ordered, and Seasons-4 manufactured and delivered, two HVAC units, which Perotti installed in the new Giant Food Store as part of the Project. The cost of these two HVAC units was Seventy-Six Thousand, Eight Hundred and Eighteen Dollars ($76,818.00).

26.     Seasons-4 has conferred a benefit upon Perotti by manufacturing and delivering these HVAC units to Perotti.

27.     Notwithstanding the benefit Seasons-4 has conferred on Perotti, Perotti has failed and refused to compensate Perotti for this benefit.

28. It would be unjust to allow Perotti to retain the benefit conferred by Seasons-4 without compensating Smith.

WHEREFORE, Plaintiff, Seasons-4, Inc., demands that judgment be entered in its favor and against Defendant, The Perotti Group, Inc., in an amount in excess of Seventy-Six Thousand, Eight Hundred and Eighteen Dollars ($76,818.00) together with such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA CONTRACTOR
## AND SUBCONTRACTOR PAYMENT ACT (73 Pa. Stat. Ann. §§ 501 et seq.)

29. Plaintiff, Seasons-4, incorporates by reference paragraphs 1 through 28, as if set forth fully herein.

30. Pennsylvania's Contractor and Subcontractor Payment Act, 73 Pa. Stat. Ann. § 501 *et seq*. (the "Act"), applies to the contract between Seasons-4 and Perotti.

31. Perotti's wrongful failure to pay all amounts due and owing to Seasons-4 violates, without limitation, §§ 505(c), 509(a) of the Act.

32. Because Perotti has violated its payment obligations to Seasons-4 under §§ 505(d), 509(d) of the Act, Seasons-4 is entitled to interest at the rate of 1% per month on all amounts due and owing to Seasons-4.

33. Because Seasons-4 has had to commence this action in order to recover amounts wrongfully withheld by Perotti, § 512(a) of the Act requires Perotti to pay, in addition to all other damages due, an additional penalty equal to 1% per month of the amount wrongfully withheld by Perotti and reasonable attorneys' fees incurred in recovering payments due under the Act.

WHEREFORE, Plaintiff Seasons-4 respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Perotti in an amount in excess of Seventy-Six Thousand, Eight Hundred and Eighteen Dollars ($76,818.00), together with statutory interest at 1% month, the statutory penalty at the rate of 1% per month, statutory attorneys' fees and costs, and all such other relief which the Court deems just and proper.

Dated: July ____, 2002

                                        Respectfully Submitted,

                                        **DUANE MORRIS LLP**

By: _____
Robert A. Prentice, Esquire
One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7396
(215) 979-1130
(215) 979-1020 (fax)

Attorneys for Plaintiff,
Seasons-4, Inc.

PH2\663107