**DAVIS & BUCCO, P.C.**
DAVID I. DAVIS, ESQUIRE
JOHN G. RICHARDS II, ESQUIRE
909 North Bethlehem Pike, Suite 200
P.O. Box 785
Spring House, PA 19477
(215) 540-9050                                                                                          Attorney for Defendant

_____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEASONS-4, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.:  02-CV-4751 |
| | : | |
| THE PEROTTI GROUP, INC. | : | |
| | : | |
| Defendant. | : | |

_____

**DEFENDANT, THE PEROTTI GROUP, INC.'S ANSWER WITH AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, The Perotti Group, Inc., hereby files its Answer with Affirmative Defense in response to the Complaint filed by Plaintiff, Seasons-4, Inc., and in support thereof avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied. The corresponding paragraph is denied to the extent that it purports to set forth Perotti's obligations pursuant to a written contract.  The contract is a written document that speaks for itself and Seasons' characterizations regarding that document are denied and deemed at issue.

6. Denied. The allegations of the corresponding paragraph are denied to the extent that the purchase order is a document that speaks for itself. Seasons' characterizations regarding that document are denied and deemed at issue.

7. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

8. Denied. The allegations of the corresponding paragraph are denied to the extent that the bills of lading are documents that speaks for themselves. Seasons' characterizations regarding those documents are denied and deemed at issue

9. Admitted.

10. Admitted.

11. Denied. The allegations of the corresponding paragraph are denied to the extent that the invoices are documents that speaks for themselves. Seasons' characterizations regarding those documents are denied and deemed at issue. By way of further response, Seasons' assertion as to the interest payable on the invoice constitutes a conclusion of law to which no response is necessary.

12. Denied. The allegations of the corresponding paragraph are denied to the extent that the Credit Application is a document that speaks for itself. Seasons' characterizations regarding those documents are denied and deemed at issue. By way of further response, Seasons' assertion as to the interest payable as a result of the credit application constitutes a conclusion of law to which no response is necessary.

13. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

14. Denied. The allegations of the corresponding paragraph are denied to the extent that the June 18, 2002, letter is a document that speaks for itself. Seasons' characterizations regarding those documents are denied and deemed at issue.

15. Admitted with clarification. To date, Perotti has not received payment for the units from the owner, Giant Food Stores, Inc. Perotti also has not received payment from the general contractor, Radco Construction Corporation.

16. Denied. The corresponding paragraph is denied as conclusion of law to which no response is necessary.

17. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

### ANSWER TO COUNT I

18. Perotti incorporates its responses to paragraph's 1 through 17, above, as though fully set forth at length.

19. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

20. Denied. Defendant is without sufficient knowledge to ascertain the truth of the matter asserted in the corresponding paragraph and it is therefore deemed denied and at issue.

21. Admitted.

22. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

23. Denied. The corresponding paragraph is denied as a conclusion of law to which no

response is necessary.

**WHEREFORE**, Defendant, The Perotti Group, Inc., demands that judgment be entered in its favor and against Plaintiff, Seasons-4, Inc.

## ANSWER TO COUNT II

24. Perotti incorporates its responses to paragraph's 1 through 23, above, as though fully set forth at length.

25. Denied. Defendant is without sufficient knowledge to ascertain the truth of the matter asserted in the corresponding paragraph, specifically the cost of the two HVAC units, and it is therefore deemed denied and at issue.

26. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

27. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

28. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

**WHEREFORE**, Defendant, The Perotti Group, Inc., demands that judgment be entered in its favor and against Plaintiff, Seasons-4, Inc.

## ANSWER TO COUNT III

29. Perotti incorporates its responses to paragraph's 1 through 28, above, as though fully set forth at length.

30. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

31. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

32. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

33. Denied. The corresponding paragraph is denied as a conclusion of law to which no response is necessary.

**WHEREFORE**, Defendant, The Perotti Group, Inc., demands that judgment be entered in its favor and against Plaintiff, Seasons-4, Inc.

## AFFIRMATIVE DEFENSES

34. Seasons' valuation of services allegedly provided on the Project are not the fair and reasonable market value of said services if provided.

35. Plaintiff is estopped from asserting a claim.

36. Perotti has not been paid by Radco for the work and it is therefore under no current obligation to make payment to Plaintiff.

37. Perotti has not been paid by Giant Food Stores, Inc. for its work and it is therefore under no current obligation to make payment to Plaintiff.

38. Plaintiff is not entitled to an award of interest, penalties and/or attorney's fees based on the circumstances set forth in the Complaint.

39. The Pennsylvania Contractor and Subcontractor Payment Act is not applicable to the claims asserted by Plaintiff.

40. With respect to the unjust enrichment claim asserted by Plaintiff, Defendant has not been paid for any of its work on the project and, therefore, is not retaining any benefit. To the extent that the unjust enrichment claim is valid, third parties not

within the control of Defendant are liable for any damages sustained by Plaintiff.

41.   Plaintiff's claim is barred as there has been a failure of consideration.

**WHEREFORE**, Defendant, The Perotti Group, Inc. demands judgment in its favor and against Plaintiff together with an award of defense costs, attorney's fees and such other relief deemed just and appropriate by this Court.

_____
JOHN G. RICHARDS II, ESQUIRE

DATED: _____

**DAVIS & BUCCO, P.C.**
DAVID I. DAVIS, ESQUIRE
JOHN G. RICHARDS II, ESQUIRE
909 North Bethlehem Pike, Suite 200
P.O. Box 785
Spring House, PA 19477
(215) 540-9050                                                                Attorney for
                                                                              Defendant

_____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEASONS-4, INC. | : | |
| | : | Civil Action No.: |
| Plaintiff, | : | |
| | : | |
| v. | : | 02-CV-4751 |
| | : | |
| THE PEROTTI GROUP, INC. | : | |
| | : | |
| Defendant. | : | |

_____

**CERTIFICATE OF SERVICE**

I, John G. Richards II, Esquire, do hereby certify that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses was served on the date set forth below to the parties/counsel set forth below:

> Robert A. Prentice, Esquire
> Duane Morris LLP
> One Liberty Place
> 1650 Market Street
> Philadelphia, PA 19103


_____
JOHN G. RICHARDS II, ESQUIRE

DATED: _____