**DAVIS & BUCCO, P.C.**
DAVID I. DAVIS, ESQUIRE
JOHN G. RICHARDS II, ESQUIRE
909 North Bethlehem Pike, Suite 200
P.O. Box 785
Spring House, PA 19477
(215) 540-9050
Attorney for Defendant

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEASONS-4, INC. | : | |
| | : | Civil Action No.: |
| Plaintiff, | : | |
| | : | |
| v. | : | 02-CV-4751 |
| | : | |
| THE PEROTTI GROUP, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |
| v. | : | |
| THE RADCO CONSTRUCTION | : | |
| CORPORATION | : | |
| and | : | |
| GIANT FOOD STORES | : | |
| Third Party Defendants | : | |

---

**DEFENDANT, THE PEROTTI GROUP, INC.'S THIRD PARTY COMPLAINT AGAINST RADCO CONSTRUCTION CORPORATION AND GIANT FOOD STORES**

Defendant, The Perotti Group, Inc., hereby files its Third Party Complaint against Third Party Defendants, The Radco Construction Corporation and Giant Food Stores, Inc., and in support thereof avers as follows:

**PARTIES**

1. Third Party Plaintiff, The Perotti Group, Inc. ("Perotti") is a Pennsylvania corporation with its principal place of business located at 2605 Durham Road, P.O. Box 702, Bristol, PA 19007.

2. Third Party Defendant, The Radco Construction Corporation ("Radco"), is, upon information and belief, a corporation organized under the laws of th State of New Jersey with a principal place of business located at 29 Vansyckles Road, Hampton, NJ 08827.

3. Third Party Defendant, Giant Food Stores, Inc. ("Giant") is, upon information and belief, a Pennsylvania corporation with its principal place of business located at 1149 Harrisburg Pike, Carlsile, PA 17013.

**FACTUAL BACKGROUND**

4. In late 2000 or early 2001, Radco entered into a contract with Giant to serve as general contractor for the construction of a grocery store located at 301 Town Center Boulevard, Forks Township PA, 18040 (the "Project").

5. Also in 2001, Perroti entered into a written contract (the "Subcontract") with Radco to perform certain HVAC and mechanical work at the Project.

6. The original Subcontract price was $379,758.37. Subsequent changes to the scope of the subcontract work resulted in a revised Subcontract price of $426,935.75.

7. Perotti provided labor and materials to the properties pursuant to the Subcontract with Radco and Perotti fully complied with all its obligations under the Subcontract.

8. Radco received and accepted all labor and materials provided by Perotti.

9. The prices for labor and materials charged by Perotti are the prices which Radco agreed to pay Perotti.

10. There is a principle balance in the amount of $206,813.25 owed to Perotti for the above-described work performed by Perotti on the Project.

**COUNT I**
**BREACH OF CONTRACT**
Perrotti v. Radco

11. Perotti incorporates the allegations of paragraphs 1 through 10 above as though fully set forth at length.

12. Perotti and Radco entered into the above described legally binding contract on the Project, for good and valuable consideration, whereby Perotti was to perform certain mechanical/HVAC work at the specific request and direction of Radco as described above.

13. At present, Perotti has performed work under the Subcontract valued at $421,953.75 in fulfillment of its obligations under the Subcontract as described above.

14. Radco's failure to make payment to Perotti under the terms of the Subcontract constitutes a material breach of the Subcontract.

15. As a direct and proximate result of Radco's breach of the Subcontract, Perotti has suffered damages in the amount of $206,813.25.

16. Radco has no just reason for withholding the amount owed Perotti.

17. As a result of Radco's improper withholding of payment to Perotti, Perotti is also entitled to interest at the applicable statutory rate established by the Contractor and Subcontractor Payment Act, 73 Pa. C.S.A. §501 et seq.

18. Perotti is also entitled to statutory penalties at the rate established by the Contractor and Subcontractor Payment Act, 73 Pa. C.S.A. §501 et seq.

19. Perotti is also entitled to recover its reasonable attorney's fees pursuant to the

Contractor and Subcontractor Payment Act, 73 Pa. C.S.A. §501 et seq.

**WHEREFORE**, Third Party Plaintiff, The Perotti Group, Inc., hereby demands judgment in its favor and against Third Party Defendant, Radco Construction, Inc., in the amount of $206,813.25 plus interest, costs of suit, penalties, attorney's fees and such other and further relief as the court deems just and proper.

**COUNT II**
**UNJUST ENRICHMENT**
Perrotti v. Radco
(in the alternative)

20. Perotti incorporates the allegations of paragraphs 1 through 10, above as though fully set forth at length.

21. At the request and direction of Radco, Perotti has supplied, performed and furnished labor and materials used in the prosecution in the work required to be performed by Radco under its contract regarding the Project.

22. Radco received and accepted the full value of all the labor, material and equipment Perotti supplied to the Project.

23. Radco accepted and incorporated all of the labor and equipment Perotti supplied to the Project with the knowledge that Perotti expected to be paid the reasonable and/or agreed compensation for that labor, material and equipment.

24. The fair and reasonable value of all the labor and materials supplied by Perotti in the prosecution of the Project exceeds $421,953.75.

25. To date, despite proper and timely demand to Radco for payment for such labor and materials, Radco has failed and refused to pay Perotti the remaining balance of

$206,813.25.

26. Perotti has been and is entitled to immediate payment from Radco of an amount in excess of $206,813.25 representing the unpaid value of the labor and materials supplied by Perotti to the Project.

27. Perotti is entitled to recover from Radco, in Quantum Meruit, the principal sum of $206,813.25 plus accrued interest and costs.

28. It would be inequitable and Radco would be unjustly enriched if it was not required to pay Perotti the reasonable value of all the labor and materials Perotti supplied to the Project.

**WHEREFORE**, Third Party Plaintiff, The Perotti Group, Inc., hereby demands judgment in its favor and against Third Party Defendant, Radco Construction, Inc., in the amount of $206,813.25 plus interest, costs of suit, and such other and further relief as the court deems just and proper.

**COUNT III**
**UNJUST ENRICHMENT**
Perrotti v. Giant

29. Perotti incorporates the allegations of paragraphs 1 through 10 and 20 through 18, above as though fully set forth at length.

30. Perotti supplied, performed and furnished labor and materials used in the construction of the Giant grocery store located at 301 Town Center Boulevard, Forks Township PA, 18040 (the "Project").

31. At all times relevant hereto, Giant was the intended tenant of the Project and approved all work that was done in conjunction therewith, including Perotti's work.

32. It is believed and therefore averred that Giant has occupied the Project or iws in the process of taking possession and will shortly begin using the site for its intended purpose, i.e. a grocery store.

33. It is further believed and therefore averred that Giant has failed or refused to pay Radco a portion of the funds it agreed to pay for the construction of the Project.

34. The funds currently being withheld by Giant represent, in part, monies properly payable to Perotti for its work and the work of its subcontractors and suppliers.

35. Giant received and accepted the full value of all the labor, material and equipment Perotti supplied to the Project.

36. Giant accepted and incorporated all of the labor and equipment Perotti supplied to the Project with the knowledge that Perotti expected to be paid the reasonable and/or agreed compensation for that labor, material and equipment.

37. The fair and reasonable value of all the labor and materials supplied by Perotti in the prosecution of the Project exceeds $421,953.75.

38. To date, despite proper and timely demand to Giant for payment for such labor and materials, Giant has failed and refused to pay Perotti the remaining balance of $206,813.25.

39. Perotti has been and is entitled to immediate payment from Giant of an amount in excess of $206,813.25 representing the unpaid value of the labor and materials supplied by Perotti to the Project.

40. Perotti is entitled to recover from Giant, in Quantum Meruit, the principal sum of $206,813.25 plus accrued interest and costs.

41. It would be inequitable and Giant would be unjustly enriched if it was not required to pay Perotti the reasonable value of all the labor and materials Perotti supplied to the Project.

**WHEREFORE**, Third Party Plaintiff, The Perotti Group, Inc., hereby demands judgment in its favor and against Third Party Defendant, Giant Food Stores, Inc., in the amount of $206,813.25 plus interest, costs of suit, and such other and further relief as the court deems just and proper.

___________________________________
JOHN G. RICHARDS II, ESQUIRE

DATED: September 23, 2002

**DAVIS & BUCCO, P.C.**
DAVID I. DAVIS, ESQUIRE
JOHN G. RICHARDS II, ESQUIRE
909 North Bethlehem Pike, Suite 200
P.O. Box 785
Spring House, PA 19477
(215) 540-9050
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEASONS-4, INC. | : | |
| | : | Civil Action No.: |
| Plaintiff, | : | |
| | : | |
| v. | : | 02-CV-4751 |
| | : | |
| THE PEROTTI GROUP, INC. | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I, John G. Richards II, Esquire, do hereby certify that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses was served on the date set forth below to the parties/counsel set forth below:

Robert A. Prentice, Esquire
Duane Morris LLP
One Liberty Place
1650 Market Street
Philadelphia, PA 19103

______________________________
JOHN G. RICHARDS II, ESQUIRE

DATED: September 23, 2002