## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

SEASONS-4, INC.                          :
        Plaintiff,                     :
                        :
       v.                           : Civil Action No.:  02-CV-4751
                        :
THE PEROTTI GROUP, INC.                  :
        Defendant.                    :
                        :
       v.                           :
                        :
THE RADCO CONSTRUCTION                   :
CORPORATION                              :
        and                       :
GIANT FOOD STORES, INC.                  :
        Third Party Defendants        :

**DEFENDANT, THE PEROTTI GROUP, INC.'S FIRST AMENDED THIRD PARTY COMPLAINT AGAINST RADCO CONSTRUCTION CORPORATION AND GIANT FOOD STORES**

       Defendant, The Perotti Group, Inc., hereby files its Third Party Complaint against Third Party Defendants, The Radco Construction Corporation and Giant Food Stores, Inc., and in support thereof avers as follows:

### PARTIES

1.     Third Party Plaintiff, The Perotti Group, Inc. ("Perotti") is a Pennsylvania corporation with its principal place of business located at 2605 Durham Road, P.O. Box 702, Bristol, PA 19007.

2.     Third Party Defendant, The Radco Construction Corporation ("Radco"), is, upon information and belief, a corporation organized under the laws of th State of New Jersey with a principal place of business located at  29 Vansyckles Road, Hampton,

NJ 08827.

3.      Third Party Defendant, Giant Food Stores, Inc. ("Giant") is, upon information and

belief, a Pennsylvania corporation with its principal place of business located at 1149

Harrisburg Pike, Carlsile, PA 17013.

## FACTUAL BACKGROUND

4.      Perotti's claims against Radco and Giant arise out of its work on two separate

construction projects, both of which involve the construction of Giant grocery

stores.

## EASTON PROJECT

5.      In late-2000 or early-2001, Radco entered into a contract with Giant to serve as

general contractor for the construction of a grocery store located at 301 Town

Center Boulevard, Forks Township, Easton PA, 18040 (the "Easton Project").

6.      In 2001, Perroti entered into a written contract with Radco to perform certain

HVAC and mechanical work at the Easton Project (the "Easton Subcontract").

7.      The original Easton Subcontract price was $379,758.37.  Subsequent changes to

the scope of the subcontract work resulted in a revised Easton Subcontract price

of $426,935.75.

8.      Perotti provided labor and materials to the properties pursuant to the Subcontract

with Radco and Perotti fully complied with all its obligations under the Easton

Subcontract.

9.      Radco received and accepted all labor and materials provided by Perotti.

10.     The prices for labor and materials charged by Perotti are the prices which Radco

agreed to pay Perotti.

11.    There is a principle balance in the amount of $118,906.26 due and owing to
Perotti for the above-described work performed by Perotti on the Easton Project.

12.    All conditions precedent to Radco's obligation to pay Perotti have occurred, been
waived or otherwise satisfied.

### ROYERSFORD PROJECT

13.    At approximately the same time as the Easton Project, Radco entered into a
separate contract with Giant to serve as general contractor for the construction of a
grocery store located at Lakeview Commercial Center, Walnut Street and 10th
Avenue, Royersford, PA (the "Royersford Project").

14.    In 2001, Perroti entered into a written contract with Radco to perform certain
HVAC and mechanical work at the Royersford Project (the "Royersford
Subcontract").

15.    The original Royersford Subcontract price was $334,500.  Subsequent changes to
the scope of the subcontract work resulted in a revised Royersford Subcontract
price of $335,220.

16.    Perotti provided labor and materials to the properties pursuant to the Subcontract
with Radco and Perotti fully complied with all its obligations under the
Royersford Subcontract.

17.    Radco received and accepted all labor and materials provided by Perotti.

18.    The prices for labor and materials charged by Perotti are the prices which Radco
agreed to pay Perotti.

3

19.     There is a principle balance in the amount of $116,340.00 owed to Perotti for the above-described work performed by Perotti on the Royersford Project.

20.     All conditions precedent to Radco's obligation to pay Perotti have occurred, been waived or otherwise satisfied.

## COUNT I
## BREACH OF CONTRACT
## EASTON PROJECT
### Perrotti v. Radco

21.     Perotti incorporates the allegations of paragraphs 1 through 12 above as though fully set forth at length.

22.     Perotti and Radco entered into the above described legally binding contract on the Easton Project, for good and valuable consideration, whereby Perotti was to perform certain mechanical/HVAC work at the specific request and direction of Radco as described above.

23.     At present, Perotti has performed work under the Subcontract valued at $387,950 in fulfillment of its obligations under the Easton Subcontract as described above.

24.     Radco's failure to make payment to Perotti for the work it performed on the Easton Project constitutes a material breach of the Easton Subcontract.

25.     As a direct and proximate result of Radco's breach of the Easton Subcontract, Perotti has suffered damages in the amount of $118,906.26.

26.     Radco has no just reason for withholding the amount owed Perotti.

27.     As a result of Radco's improper withholding of payment to Perotti, Perotti is also entitled to interest at the applicable statutory rate established by the Contractor

4

and Subcontractor Payment Act, 73 Pa. C.S.A. §501 et seq.

28.    Perotti is also entitled to statutory penalties at the rate established by the

Contractor and Subcontractor Payment Act, 73 Pa. C.S.A. §501 et seq.

29.    Perotti is also entitled to recover its reasonable attorney's fees pursuant to the

Contractor and Subcontractor Payment Act, 73 Pa. C.S.A. §501 et seq.

**WHEREFORE**, Third Party Plaintiff, The Perotti Group, Inc., hereby demands judgment in its

favor and against Third Party Defendant, Radco Construction, Inc., in the amount of $118,906.26

plus interest, costs of suit, penalties, attorney's fees and such other and further relief as the court

deems just and proper.

## COUNT II
## UNJUST ENRICHMENT
Perrotti v. Radco
(in the alternative)

30.    Perotti incorporates the allegations of paragraphs 1 through 12, above as though

fully set forth at length.

31.    At the request and direction of Radco, Perotti has supplied, performed and

furnished labor and materials used in the prosecution in the work required to be

performed by Radco under its contract regarding the Easton Project.

32.    Radco received and accepted the full value of all the labor, material and

equipment Perotti supplied to the Easton Project.

33.    Radco accepted and incorporated all of the labor and equipment Perotti supplied

to the Easton Project with the knowledge that Perotti expected to be paid the

reasonable and/or agreed compensation for that labor, material and equipment.

5

34.    The fair and reasonable value of all the labor and materials supplied by Perotti in the prosecution of the Project exceeds $387,950.

35.    To date, despite proper and timely demand to Radco for payment for such labor and materials, Radco has failed and refused to pay Perotti the remaining balance of $118,906.26.

36.    Perotti has been and is entitled to immediate payment from Radco of an amount in excess of $118,906.26 representing the unpaid value of the labor and materials supplied by Perotti to the Project.

37.    To the extent that the Easton Subcontract is determined to be null and void or otherwise unenforceable or inapplicable, Perotti is entitled to recover from Radco, in Quantum Meruit, the principal sum of $118,906.26 plus accrued interest and costs.

38.    It would be inequitable and Radco would be unjustly enriched if it was not required to pay Perotti the reasonable value of all the labor and materials Perotti supplied to the Easton Project.

**WHEREFORE**, Third Party Plaintiff, The Perotti Group, Inc., hereby demands judgment in its favor and against Third Party Defendant, Radco Construction, Inc., in the amount of $118,906.26 plus interest, costs of suit, and such other and further relief as the court deems just and proper.

6

## COUNT III
## BREACH OF CONTRACT
## ROYERSFORD PROJECT
Perrotti v. Radco

39.     Perotti incorporates the allegations of paragraphs 1 through 4 and 13 through 20, above, as though fully set forth at length.

40.     Perotti and Radco entered into the above described legally binding contract on the Royersford Project, for good and valuable consideration, whereby Perotti was to perform certain mechanical/HVAC work at the specific request and direction of Radco as described above.

41.     At present, Perotti has performed work under the Subcontract valued at $335,220 in fulfillment of its obligations under the Royersford Subcontract as described above.

42.     Radco's failure to make payment to Perotti for the work it performed on the Royersford Project constitutes a material breach of the Royersford Subcontract.

43.     As a direct and proximate result of Radco's breach of the Royersford Subcontract, Perotti has suffered damages in the amount of $116,340.

44.     Radco has no just reason for withholding the amount owed Perotti.

45.     As a result of Radco's improper withholding of payment to Perotti, Perotti is also entitled to interest at the applicable statutory rate established by the Contractor and Subcontractor Payment Act, 73 Pa. C.S.A. §501 et seq.

46.     Perotti is also entitled to statutory penalties at the rate established by the Contractor and Subcontractor Payment Act, 73 Pa. C.S.A. §501 et seq.

7

47.     Perotti is also entitled to recover its reasonable attorney's fees pursuant to the

Contractor and Subcontractor Payment Act, 73 Pa. C.S.A. §501 et seq.

**WHEREFORE**, Third Party Plaintiff, The Perotti Group, Inc., hereby demands judgment in its

favor and against Third Party Defendant, Radco Construction, Inc., in the amount of $116,340

plus interest, costs of suit, penalties, attorney's fees and such other and further relief as the court

deems just and proper.

**COUNT IV**
**UNJUST ENRICHMENT**
**ROYERSFORD PROJECT**
Perrotti v. Radco
(in the alternative)

48.     Perotti incorporates the allegations of paragraphs 1 through 4 and 13 through 20,

above as though fully set forth at length.

49.     At the request and direction of Radco, Perotti has supplied, performed and

furnished labor and materials used in the prosecution in the work required to be

performed by Radco under its contract regarding the Royersford Project.

50.     Radco received and accepted the full value of all the labor, material and

equipment Perotti supplied to the Royersford Project.

51.     Radco accepted and incorporated all of the labor and equipment Perotti supplied

to the Royersford Project with the knowledge that Perotti expected to be paid the

reasonable and/or agreed compensation for that labor, material and equipment.

52.     The fair and reasonable value of all the labor and materials supplied by Perotti in

the prosecution of the Project exceeds $335,220.

8

53.   To date, despite proper and timely demand to Radco for payment for such labor and materials, Radco has failed and refused to pay Perotti the remaining balance of $116,340.

54.   Perotti has been and is entitled to immediate payment from Radco of an amount in excess of $116,340 representing the unpaid value of the labor and materials supplied by Perotti to the Project.

55.   To the extent that the Royersford Subcontract is determined to be null and void or otherwise unenforceable or inapplicable, Perotti is entitled to recover from Radco, in Quantum Meruit, the principal sum of $116,340 plus accrued interest and costs.

56.   It would be inequitable and Radco would be unjustly enriched if it was not required to pay Perotti the reasonable value of all the labor and materials Perotti supplied to the Royersford Project.

**WHEREFORE**, Third Party Plaintiff, The Perotti Group, Inc., hereby demands judgment in its favor and against Third Party Defendant, Radco Construction, Inc., in the amount of $116,340 plus interest, costs of suit, and such other and further relief as the court deems just and proper.

## COUNT V
## UNJUST ENRICHMENT
Perrotti v. Giant

57.   Perotti incorporates the allegations of paragraphs 1 through 4, 13 through 20 and 39 through 56, above as though fully set forth at length.

58.   As set forth above, Perotti supplied, performed and furnished labor and materials used in the construction of the Giant grocery store located at Lakeview Commercial Center, Walnut Street and 10th Avenue, Royersford, PA.

9

59.    At all times relevant hereto, Giant was the intended tenant of the Royersford Project and approved all work that was done in conjunction therewith, including Perotti's work.

60.    It is believed and therefore averred that Giant has occupied the site of the Royersford Project or is in the process of taking possession and will shortly begin using the site for its intended purpose, i.e. a grocery store.

61.    It is further believed and therefore averred that Giant has failed or refused to pay Radco a portion of the funds it agreed to pay for the construction of the Royersford Project.

62.    The funds currently being withheld by Giant represent, in part, monies properly payable to Perotti for its work and the work of its subcontractors and suppliers.

63.    Giant received and accepted the full value of all the labor, material and equipment Perotti supplied to the Royersford Project.

64.    Giant accepted and incorporated all of the labor and equipment Perotti supplied to the Royersford Project with the knowledge that Perotti expected to be paid the reasonable and/or agreed compensation for that labor, material and equipment.

65.    The fair and reasonable value of all the labor and materials supplied by Perotti in conjunction with its work on the Royersford Project exceeds $335,220.

66.    To date, despite proper and timely demand to Giant for payment for such labor and materials, Giant has failed and refused to pay Perotti the remaining balance of $116,340.

67.    Perotti has been and is entitled to immediate payment from Giant of an amount in

excess of $116,340 representing the unpaid value of the labor and materials supplied by Perotti to the Royersford Project.

68.    Perotti is entitled to recover from Giant, in Quantum Meruit, the principal sum of $116,340 plus accrued interest and costs.

69.    It would be inequitable and Giant would be unjustly enriched if it was not required to pay Perotti the reasonable value of all the labor and materials Perotti supplied to the Royersford Project.

**WHEREFORE**, Third Party Plaintiff, The Perotti Group, Inc., hereby demands judgment in its favor and against Third Party Defendant, Giant Food Stores, Inc., in the amount of $116,340 plus interest, costs of suit, and such other and further relief as the court deems just and proper.

_____
JOHN G. RICHARDS II, ESQUIRE


DATED: November 26, 2002

11

**DAVIS & BUCCO, P.C.**
DAVID I. DAVIS, ESQUIRE
JOHN G. RICHARDS II, ESQUIRE
909 North Bethlehem Pike, Suite 200
P.O. Box 785
Spring House, PA 19477                                         Attorney for Defendant
(215) 540-9050

---

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEASONS-4, INC. | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.:  02-CV-4751 |
| | : | |
| THE PEROTTI GROUP, INC. | : | |
| Defendant. | : | |

---

## CERTIFICATE OF SERVICE

I, John G. Richards II, Esquire, do hereby certify that a true and correct copy of the foregoing Defendant's First Amended Complaint was served by overnight mail on the date set forth below to the parties/counsel set forth below:


Robert A. Prentice, Esquire                Giant Food Stores, Inc.
Duane Morris LLP                           c/o Diane Tokarsky, Esquire
One Liberty Place                          1149 Harrisburg Pike
1650 Market Street                         Carlisle, PA 17013
Philadelphia, PA 19103

Jeffrey J. Chomko, Esquire
1800 One Liberty Place
Philadelphia, PA 19103-7395



_____
JOHN G. RICHARDS II, ESQUIRE

DATED: January 30, 2003